## CUMMINGS v. WHITE MOUNTAINS RAILROAD.

After verdict, and before judgment, the court in which an action was pending was abolished, and the business transferred to an appellate court, by which the appeal was lost. On motion, it was *held* that the court had no power to set aside the verdict to give another trial.

THIS action was entered at the April Term, 1857, of the court of common pleas for said county, and was duly continued therein till the April term of said court of common pleas, 1858, when a trial was had, and a verdict rendered for the plaintiff. This cause was not, at the time of said trial, in the exclusive jurisdiction of said court of common pleas, but was an action over which the Supreme Judicial Court then had appellate jurisdiction. The plaintiff did not take judgment at the term when said verdict was rendered, but continued said cause on his own motion for the reason that the liability of the trustees was undetermined, and has ever since continued the same for the same reason, and the liability of said trustees is still undetermined, and no judgment has been rendered against said corporation. The said corporation moved, for the purpose of saving its rights as affected by the statute abolishing said court of common pleas, that the verdict be set aside, or that such other relief might be granted as, under the circumstances, might be proper; and the questions of law arising on the facts were reserved.

*C. W. & E. D. Rand*, for the plaintiff.

*Woods & Binghams*, for the defendants.

BELLOWS, J. When the law of June, 1859, abolishing the court of common pleas, was passed, this action was pending, and although a verdict had been returned against the principal defendant no judgment had been rendered from which an appeal could have been taken. So far then as respects the question of power to affect, by legislation, the right of appeal in this case, it must be regarded simply as an action pending in the court of common pleas at the passing of the act, and we are unable to see that the power could in any way be affected by the fact that a verdict had been rendered. Had there been judgment upon the verdict, an appeal must have been taken at the same term, if at all, and the action would then have been pending in this court. But this not being the case, and the action being pending in the court of common pleas, it was transferred by the act of June 1859, to the Supreme Judicial Court, where it undoubtedly stands in the same stage of progress as it stood in the court of common pleas at the time of the transfer.

The power of the legislature to change the constitution of courts of justice, and thus incidentally to affect the remedies of parties, even in pending suits, has been repeatedly exercised in this State, and may be regarded as well established. *Rich* v. *Flanders*, 39 N. H. 309. If the change be such as wholly to abolish the appellate court, or the court from which appeals were taken, and to transfer

to the one remaining the entire jurisdiction of both courts, with all proceedings then pending, it must of necessity take away the right of appeal; and to that there is, we think, no constitutional objection. To hold otherwise would be a practical denial of the power to change the system at all.

The power to make such a change as is made in this case being established, it is for the legislature to determine, in its discretion, the mode and manner of its exercise; and if, in any given case, it may seem to operate unjustly, the court has no power to grant relief, so long as the provisions of the law are within the constitutional power of the legislature. For the court to interpose in such a case would be to assume a control over the legislative discretion, which would be wholly unauthorized, even in the form suggested by the defendants' counsel.

It is true that the court have power to set aside a verdict, but that power is not a matter of arbitrary discretion, but must be exercised in accordance with established rules and the settled course of the court. To set aside the verdict, and thus grant a new trial as a substitute for such trial on appeal, for the sole purpose of correcting the supposed inadvertence of the legislature, would find no support in any rule or authority to which our attention has been called.

Whether in any form the defendants may entitle themselves to another trial, it is not now necessary to decide; but we are satisfied that the court has no power to grant the relief asked for, and the

*Motion must be denied.*